UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD LEE ROBINSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 4:08CV1082 RWS |
| TROY STEELE, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM OPINION

Petitioner Ronald Robinson seeks a writ of habeas corpus. I referred this matter to United States Magistrate Judge Audrey G Fleissig[1] for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). Judge Fleissig filed her recommendation that Scranton's habeas petition should be denied.

Robinson timely filed objections to the Report and Recommendation and objects to the recommendation that habeas relief be denied. I have conducted a de novo review of all matters relevant to the petition. After careful consideration, I will adopt and sustain the thorough reasoning of Judge Fleissig and will deny Robinson's habeas petition.

*Background*[2]

On August 29, 2003, Mike and Tranda Thompson were in their garage where they operated a screen-printing business. Petitioner Robinson and Jaime Graves appeared at the garage and asked the Thompsons for work. Graves lived on the Thompsons' street and the Thompsons had seen him previously. After a brief conversation Robinson and Graves left the

---

[1] Judge Fleissig has since be appointed to be a United States District Judge.

[2] The background facts are taken from the Missouri Court of Appeals decision in State of Missouri v. Robinson, ED85371 (Mo. Ct. App., January 10, 2006). [Resp't's Ex. F]

garage. A short time later Robinson returned to the garage with a t-shirt wrapped around his face but his eyes and hair were visible. He also had a t-shirt wrapped around his hand which appeared to be hiding a gun. Robinson told the Thompsons to give him their money. Tranda Thompson surrendered the money she had. Robinson ordered Mike Thompson to give him his wallet. However, Mike Thompson did not have his wallet with him. Robinson took two phone before leaving.

The Thompsons called the police who went to Graves' home and spoke to him. The Thompsons told the police that Graves had been with Robinson before the robbery but Graves was not the person who robbed them. The following day the Thompsons separately picked Robinson out of a photo array as the robber. Thereafter, they again separately identified Robinson as the robber in a live line-up. Graves picture was not in the photo array nor was he in the live line-up because the Thompsons had already stated that he was not the person who robbed them.

A jury found Robinson guilty of robbery in the first degree and attempted robbery in the first degree. He was sentenced as a prior offender to concurrent terms of eighteen and fifteen years. Robinson filed a direct appeal. He also filed a post-conviction motion for relief and an appeal of that ruling.

In his present habeas petition Robinson asserts thirteen grounds for relief. Those grounds are:

    1)    The evidence was insufficient to support Robinson's conviction.

    2)    Trial counsel was ineffective for failing to depose state's witnesses.

    3)    Trial counsel was ineffective for failing to object when the prosecutor "personalized" the closing argument.

    4)    Trial counsel was ineffective for failing to object to the photo array because some

      pictures were a darker shade than other pictures.

5)      Trial counsel erred by allowing the victims to correct their testimony.

6)      Trial counsel was ineffective for not objecting theprosecutor's closing argument when the prosecutor called Robinson "dangerous."

7)      Trial counsel was ineffective for failing to object to the continuing presence of the juror who recognized Tranda Thompson.

8)      Trial counsel was ineffective for failing to contact any of Robinson's alibi witnesses.

9)      Trial counsel was ineffective for failing to inform the jury that Graves was a suspect in this case before he became a witness for the state.

10)     Trial counsel was ineffective for failing to object to the verdict director (Instruction No. 6) on the charge of attempted first-degree robbery because the instruction did not contain a full definition of first-degree robbery under Missouri law.

11)     The motion court ruled erred when it ruled that trial counsel was ineffective even though counsel did not object to the continuing presence of the juror who recognized Tradara Thompson.

12)     Direct appeal counsel was ineffective for failing to argue that the trial court should have struck the juror at issue in grounds 7 and 11.

13)     The trial court erred in denying Robinson's motion for judgment of acquittal at the end of the evidence because the state failed to make a prima facie case of the crimes charged.

In her report and recommendation, Judge Fleissig found that all of Robinson's grounds for relief were procedurally barred, except for ground number 10. Judge Fleissig reviewed

ground 10 on the merits and recommended that relief on that ground be denied.

In his objection to the report and recommendation, Robinson does not challenge Judge Fleissig's recommendation about ground 10. He only objects to Judge Fleissig's determination that all of his other grounds for relief were procedurally defaulted.

I have conducted a de novo review of Robinson's petition and find that Judge Fleissig properly found all of his grounds for relief were procedurally barred from review.[3]

Robinson's claims in grounds 1 and 13 (sufficiency of the evidence) were cognizable on direct appeal. A review of the record on direct appeal reveals that Robinson did not raise these claims. In Missouri, claims of trial error must be raised on direct appeal and not in post-conviction proceedings. Ham v. State of Missouri, 7 S.W.3d 433, 440 (Mo. Ct. App. 1999). Claims in a habeas petition "that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." Skillicorn v. Luebbers, 475 F.3d 965, 976 (8th Cir. 2007). As a result, Robinson's grounds 1 and 13 for relief are procedurally barred from review. Moreover, a review of the record reveals that the evidence was sufficient to support Robinson's conviction.

Robinson raised grounds 2 through 9 in his pro se motion for post-conviction relief under Rule 29.15 of the Missouri Supreme Court Rules. He failed to raise ground 12 either in his pro se motion or in his amended motion for post-conviction relief. He also failed to raise grounds 2-9, 11 and 12 in his appeal of the denial of his post-conviction motion for relief. Because Robinson failed to raise these grounds in his post-conviction appeal, these claims are

---

[3] Judge Fleissig concluded that Robinson did not assert his grounds 2,3,4,8, and 9 in his post-conviction motion because they were not contained in his amended motion for relief filed by appointed post-conviction counsel. A review of the record indicated that these claims were asserted in Robinson's pro se post-conviction motion for relief and incorporated by reference in the amended motion for relief. However, as noted below, these claims were not raised in Robinson's appeal of his post-conviction proceeding.

procedurally barred from revue. Osborne v. Purket, 411 F.3d 911, 919 (8th Cir. 2005). Nor can Robinson avoid this procedural bar by asserting his post-conviction appeal counsel was constitutionally ineffective. That is because appellate counsel's omission of a claim is not a cognizable "cause" to excuse the procedural default of a claim. The reason for this is that there is no constitutional right to legal counsel in a state post-conviction proceeding. See Coleman v. Thompson, 501 U.S. 722, 752 (1991).

Moreover, I have reviewed all of these defaulted grounds for relief and find that, even reviewed on their merits, none of these grounds entitle Robinson to habeas relief.

I have also reviewed the facts and case law addressing ground 10 which Judge Fleissig found to be without merit. Robinson did not object to Judge Fleissig's recommendation that this ground be denied so her decision is not subject to de novo review. Nonetheless, after reviewing that claim, I find that Judge Fleissig correctly analyzed and concluded that it did not entitle Robinson to habeas relief.

I have also considered whether to issue a certificate of appealability based on the claims raised in Robinson's habeas petition. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

I believe that Robinson has not made such a showing on the grounds raised in his petition. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ronald Robinson's Petition for Writ of

Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

                                                          /s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of September, 2011.